**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARWIN ALFERDO RODRIGUEZ ZURITA,** | : | **CIVIL ACTION NO. 1:26-CV-2246** |
| **Petitioner,** | : | **(Judge Neary)** |
| **v.** | : | |
| **CRAIG LOWE, WARDEN of Pike County Correctional Facility,** | : | |
| **Respondent.** | : | |

## MEMORANDUM

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner Darwin Alfredo Rodriguez Zurita, seeking his release pending removal proceedings. Zurita, a citizen of Venezuela, is scheduled to appear before a master immigration judge on September 30, 2026.[1] The Government argues that Zurita is an "applicant for admission" and so is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which does not provide any mechanism for a detainee's release. (Doc. 5, 18-36). Zurita argues that he is entitled to release or, in the alternative, an individualized bond hearing. (Docs. 1, 6).

The Third Circuit Court of Appeals recently issued a precedential decision on this exact topic. Gabriel Buele Morocho v. Warden, Philadelphia FDC, et al, Civ. No. 26-1150, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In that decision, the

[1] The court determined this fact via the Executive Office for Immigration Review's website. See EOIR Automated Case Information https://acis.eoir.justice.gov/en/ (last visited September 19, 2026).

court explained the BIA's rule interpretation—that individuals such as Sotolongo were necessarily applicants for admission, as articulated in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025)—was an incorrect interpretation of the governing statutes. Morocho, 2026 WL 2546223 at *3-*5. The court explained individuals such as Zurita, who were not "engage[ed] in an ongoing affirmative act to seek admission to the United States" were not subject to Section 1225(b)(2)(A), but rather, Section 1226(a). Id. at *4. The government does not argue here, nor are there facts on the record to support, that Zurita was seeking admission when detained. Therefore, because Morocho is binding upon this court, the court considers this petition as arising under Section 1226(a).

In this new light, it is apparent the proper outcome in this matter is for Zurita, who is not alleged to have any criminal history, is to be immediately released from ICE custody. This comports with this court's past, pre-Morocho precedent (See e.g., Chaudhari v. Rose, Civ. No. 3:26-CV-242, 2026 WL 540378 at *6 (M.D. Pa. Feb. 26, 2026) (ordering the release of a prisoner ostensibly held under Section 1225(b)(2)(A))), and with the result of Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Morocho, 2026 WL 2546223 at *10. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania